**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JULIAN ANDRES JIMENEZ RODRIGUEZ,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-2555-R** |
| **WARDEN DIAMONDBACK FACILITY, et al.,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Julian Andres Jimenez Rodriguez, a noncitizen proceeding pro se, [1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4. Respondents filed a response, Doc. 7, and the time to file a reply has expired. So, the matter is at issue.

For the reasons below, the undersigned recommends that the Court **DENY** the petition.

---

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. Factual background and procedural history.

Petitioner is a citizen of Colombia who entered the United States on September 15, 2023. Doc. 7, at 2. He was authorized to remain in the United States on a B-2 tourist visa until March 14, 2024. *Id.* Petitioner overstayed his visa. *Id.*

On September 11, 2026, Immigration and Customs Enforcement (ICE) took Petitioner into custody. *Id.* Petitioner requested a custody redetermination hearing and received one on September 28, 2026. *Id.* & Ex. 3. The Immigration Judge denied bond, finding Petitioner did not establish he is not a flight risk. Doc. 7, Ex. 3, at 1.

Petitioner filed this action on September 18, 2026, before he received the bond hearing. Doc. 1. Petitioner raises four similar grounds for habeas relief: (1) Petitioner argues that his detention pending removal proceedings violates the Fifth Amendment's Due Process Clause because his detention is "[not] necessary to protect the community," and that he has a "stable family home, a wife, a young United States citizen child, strong family support, immigration documentation, and a concrete release plan"; (2) Petitioner claims that his detention is "excessive and unnecessary to secure [his] appearance in immigration proceedings," and that "[r]easonable noncustodial reporting requirements can secure [his] appearance without continued incarceration";

(3) he claims that his "[c]ontinued detention causes substantial deprivation of liberty and family hardship despite the availability of less restrictive alternatives"; and (4) he asserts that his claims "concern [his] current physical detention," and that he is not asking the Court to "decide the merits of [his] asylum case or review a removal order." Doc. 1, at 6-7. In a typewritten attachment, he adds three similar claims: (1) that the Government must be "required to justify custody under the statute that actually governs his present posture," i.e., 8 U.S.C. § 1226(a); (2) that his detention is a violation of due process; and (3) that less restrictive means can secure his appearance at future immigration proceedings. *Id.* at 11-12. Petitioner requests immediate release, and in the alternative, a prompt individualized custody hearing. *Id.* at 12.

**II. Standard of review.**

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d

1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

**III. Petitioner is not entitled to habeas relief.**

The undersigned concludes that 8 U.S.C. § 1226 applies to Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

"[Section] 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov v. Grant*, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026). The Government has provided Petitioner with an individualized custody determination. Doc. 7, at 2. *See, e.g.*, *Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Had a hearing not been provided, the Court would have concluded one should be. *Zhakhonov*, 2026 WL 1865418, at *3 (Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a)).

As Respondents point out, Petitioner has received all the process he is due. Doc. 7, at 4. Petitioner did not file a reply addressing Respondents' description of the September 28, 2026 bond hearing. Petitioner's claim that his detention violates § 1226(a) fails. So the Court concludes that the petition is moot and should be denied.

## IV. Recommendation and notice of right to object.

For the reasons above, the undersigned recommends that the Court deny the petition for habeas relief. Doc. 1.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by December 10, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of November, 2026.